UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton EWING,<br><br>                              Plaintiff,<br><br>v.<br><br>Christopher GITRE, et al.,<br><br>                              Defendants. | Case No.: 24-cv-1213-AGS-DDL<br><br>**ORDER GRANTING IN PART ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL (ECF 37)** |

San Diego Biz Law attorney Riznyk moves to "withdraw as counsel" for individual defendant Christopher Gitre and corporate defendant Relief Consultants, LLC. (*See* ECF 37.)

"An attorney may not withdraw as counsel except by leave of court." *Indymac Fed. Bank, F.S.B. v. McComic*, No. 08-CV-1871-IEG WVG, 2010 WL 2000013, at *1 (S.D. Cal. May 18, 2010). And, in this district, withdrawal motions "must be served on the adverse party and on the moving attorney's client," and the withdrawing attorney must file a "declaration pertaining to such service." CivLR 83.3(f)(3). Courts also assess "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Indymac*, 2010 WL 2000013, at *1. All factors favor withdrawal here.

Riznyk filed a declaration and proof of service stating that he sent a copy of the withdrawal request to "Defendants Christopher Gitre and Relief Consultants, LLC" and to the pro se "adverse party." (ECF 37-1, at 3.) So he has fulfilled the local rules requirement. *See* CivLR 83.3(f)(3). Turning to the other factors, first, Riznyk's "reasons why withdrawal is sought" are reasonable. *See Indymac*, 2010 WL 2000013, at *1. There are "irreconcilable differences and hostility between [Riznyk and] the Defendants." (ECF 37, at 3.) Allegedly, among other things, the client "argues with [Riznyk's] determinations of legal strategy and advice." (*Id.* at 3.) Riznyk attests he "can no longer represent" them because the

"relationship" "is beyond any possibility of repair." (ECF 37-1, at 2.)

Next, there is minimal danger of prejudice to other litigants, no net harm to the administration of justice, and the withdrawal will not significantly delay this case's resolution. *See Indymac*, 2010 WL 2000013, at *1. This "litigation is at a relatively nascent stage," which suggests that "there is no danger of prejudice." *See Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No. 3:15-CV-2440-GPC-WVG, 2019 WL 3068232, at *2 (S.D. Cal. July 12, 2019). The same applies when counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," which Riznyk has offered to do. *See* Cal. Rule of Prof. Conduct 1.16(d); (ECF 37, at 2).

That said, in this district, "corporations . . . may appear in court only through an attorney." CivLR 83.3(j). So corporate defendant Relief Consultants cannot defend itself without counsel. To that end, Riznyk offered to continue representing defendants for "fourteen days" to mitigate any harm to the defendants. (ECF 37, at 3.) But because of the increased risk to the corporate defendant, more time is warranted. As is often ordered in this district, Riznyk must instead give defendants 30 days to secure new representation. *See, e.g.*, *Consumer*, 2019 WL 3068232, at *3 (giving corporate defendant 30 days to find new counsel); *Indymac*, 2010 WL 2000013, at *3 (same).

So the withdrawal request is **GRANTED IN PART**. Riznyk may terminate representation no sooner than **June 16, 2025**.

Dated: May 16, 2025

_____
Hon. Andrew G. Schopler
United States District Judge