UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton EWING,<br><br>         Plaintiff,<br><br>v.<br><br>Christopher GITRE, et al.,<br><br>         Defendants. | Case No.: 24-cv-1213-AGS-DDL<br><br>**ORDER EXTENDING SHOW-CAUSE DEADLINE AND DENYING PENDING MOTIONS WITHOUT PREJUDICE (ECF 11, 17, 40, 41)** |

  Plaintiff Anton Ewing, proceeding without an attorney, sued defendants Christopher Gitre and Relief Consultants, LLC, for violating the Telephone Consumer Protection Act and other statutes, alleging that they repeatedly contacted Ewing without permission. (*See generally* ECF 1.) A procedural kerfuffle ensued.

  Defendants initially failed to respond, so the Clerk of Court entered default against them. (ECF 9; ECF 10.) But when Ewing filed his default-judgment motion, then-unrepresented Gitre appeared for the first time and opposed it. (ECF 12.) Thereafter, defendants ostensibly retained counsel, but that attorney filed a defective answer, and the Clerk of Court "instructed" defendants "to withdraw[] and refile" it. (*See* ECF 16.) They did not. Plus, they failed to appear for the Early Neutral Evaluation and the subsequent status conference. (*See* ECF 23, at 2; ECF 26.) So the Court issued an order to show cause. (ECF 26.)

  The Court later discharged that order, after Gitre represented that he "was not aware of either" the ENE or the status conference and hadn't realized that his initial counsel may have "been disbarred at the time." (ECF 28, at 1; ECF 30.) Defendants then briefly retained new counsel, but are now once again unrepresented. (*See* ECF 42.) After defendants' latest attorney-client break-up, the Court tried to hold another status conference, but, yet again, "neither Defendant appeared," leading to another show-cause order. (ECF 46; ECF 47.)

  That latest order requires defendants to show cause, "in writing," "why sanctions should not issue for their failure to appear at the Status Conference." (ECF 47, at 2.) The

1

Court also served a copy of that order at "the address Mr. Gitre listed for himself in his Notice of Change of Address." (*Id.* (citing ECF 34).) The Court now extends the deadline for that order to show cause and gives defendants one last chance to participate in this lawsuit.

By **August 8, 2025**, defendants must show cause, in writing, why this Court should not enter default judgment against them. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that the "court's decision whether to enter a default judgment is a discretionary one"). By that same date, Relief Consultants, LLC, must retain counsel. *See In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (noting that a "corporation can appear in a court proceeding only through an attorney at law"); CivLR 83.3(j) ("[C]orporations . . . may appear in court only through an attorney.").

In light of today's order, the following pending motions are all **DENIED** without prejudice: Ewing's motions for default judgment and to strike Gitre's answer (ECF 11; ECF 17), as well as defendants' motions to strike Ewing's request for attorney's fees and to vacate the Clerk's entry of default (ECF 40; ECF 41). If the Court is convinced not to issue a default judgment, the parties may refile these motions.

Dated: July 10, 2025

_____
Hon. Andrew G. Schopler
United States District Judge