UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Anton EWING, | Case No.: 24-cv-1213-AGS-DDL |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL (ECF 55)** |
| Christopher GITRE, et al., | |
| Defendants. | |

California Business Lawyer & Corporate Lawyer attorneys Wade and Malone move "to be relieved as the attorneys of record" for individual defendant Christopher Gitre and corporate defendant Relief Consultants, LLC. (*See* ECF 55.)

"An attorney may not withdraw as counsel except by leave of court." *Indymac Fed. Bank, F.S.B. v. McComic*, No. 08-CV-1871-IEG WVG, 2010 WL 2000013, at *1 (S.D. Cal. May 18, 2010). In this district, withdrawal motions "must be served on the adverse party and on the moving attorney's client," and the withdrawing attorney must file a "declaration pertaining to such service." CivLR 83.3(f)(3). Courts also assess "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Indymac*, 2010 WL 2000013, at *1. All factors favor withdrawal here.

Malone filed a declaration and proof of service stating that she sent a copy of the withdrawal request to "Defendants Christopher Gitre and Relief Consultants, LLC," and to the pro se plaintiff "Anton Ewing." (ECF 55-1, at 4.) So she has fulfilled the local rules requirement. *See* CivLR 83.3(f)(3). Turning to the other factors, first, the attorneys' "reasons why withdrawal is sought" are reasonable. *See Indymac*, 2010 WL 2000013, at *1. "Defendants have stated that they do not wish [the attorneys] to represent them in this matter," and there appears to have been a "breakdown in communication." (ECF 55, at 3; ECF 55-1, at 14.) Next, there is minimal danger of prejudice to other litigants, no net

harm to the administration of justice, and the withdrawal will not significantly delay this case's resolution. *See Indymac*, 2010 WL 2000013, at *1. This "litigation is at a relatively nascent stage," which suggests that "there is no danger of prejudice." *See Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No. 3:15-CV-2440-GPC-WVG, 2019 WL 3068232, at *2 (S.D. Cal. July 12, 2019). The same applies when counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," which the attorneys have done. *See* Cal. Rule of Prof. Conduct 1.16(d); (ECF 55, at 5).

That said, in this district, "corporations . . . may appear in court only through an attorney." CivLR 83.3(j). So corporate defendant Relief Consultants cannot defend itself without counsel. To that end, the attorneys offered to continue representing defendants for "fourteen days" to mitigate any harm to the defendants. (ECF 55, at 5.) But because of the increased risk to the corporate defendant, more time is warranted. As is often ordered in this district, the attorneys must instead give defendants 30 days to secure new representation. *See, e.g.*, *Consumer*, 2019 WL 3068232, at *3 (giving corporate defendant 30 days to find new counsel); *Indymac*, 2010 WL 2000013, at *3 (same).

So the withdrawal request is **GRANTED IN PART**. The attorneys may terminate representation no sooner than **October 23, 2025**.

Dated:  September 23, 2025

_____
Hon. Andrew G. Schopler
United States District Judge